1  STEPHEN M. HAYES (SBN 83583)
   shayes@hayesscott.com
2  STEPHEN P. ELLINGSON (SBN 136505)
   sellingson@hayesscott.com
3  JAMIE A. RADACK (SBN 221000)
   jradack@hayesscott.com
4  HAYES SCOTT BONINO ELLINGSON
   GUSLANI SIMONSON & CLAUSE LLP
5  999 Skyway Road, Suite 310
   San Carlos, CA 94070
6  Telephone: (650) 637-9100
   Facsimile: (650) 637-9101
7
   Attorneys for Defendant
8  STATE FARM GENERAL INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11 | DEBRA COHEN TUDOR,                 | CASE NO.  4:22-cv-01113-HSG

12 |               Plaintiff,           | **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED ANSWER TO COMPLAINT**

13 |        vs.                         |

14 | STATE FARM GENERAL INSURANCE
   | COMPANY, an Illinois corporation; and
15 | DOES 1 through 50, inclusive,

16 |               Defendants.

17

18        Defendant State Farm General Insurance Company hereby submits its amended answer to

19 plaintiff's complaint as follows:

20        1.      Answering the allegations of plaintiffs' paragraph 1, this answering defendant

21 admits said allegations.

22        2.      Answering the allegations of plaintiffs' paragraph 2, this answering defendant lacks

23 sufficient information to admit or deny said allegations.

24        3.      Answering the allegations of plaintiffs' paragraph 3, this answering defendant

25 admits said allegations.

26        4.      Answering the allegations of plaintiffs' paragraph 4, this answering defendant

27 admits said allegations.

28        5.      Answering the allegations of plaintiffs' paragraph 5, this answering defendant lacks

1    sufficient information to admit or deny said allegations.

2         6.       Answering the allegations of plaintiffs' paragraph 6, this answering defendant

3    admits the insured property is located in Santa Clara, California and that plaintiff suffered alleged

4    losses in Santa Calara County.  This answering defendant denies the remaining allegations.

5         7.       Answering the allegations of plaintiffs' paragraph 7, this answering defendant

6    admits that the damages and losses plaintiff alleges to have suffered exceeds the jurisdictional

7    threshold of the Court.

8         8.       Answering the allegations of plaintiffs' paragraph 8, this answering defendant

9    admits the plaintiff's insured property was covered by homeowner's insurance Policy No. 05-GL-

10   6089-6, form FP-7955 CA as modified by Endorsement FE-3422 and Amendatory Endorsement

11   FE-1386 effective March 30, 2020 to March 30, 2021 issued by State Farm ("the Policy").  This

12   answering defendant lacks sufficient information to admit or deny the remaining allegations.

13        9.       Answering the allegations of plaintiffs' paragraph 9, this answering defendant

14   admits that the Policy provided Dwelling coverage with policy limits of $655,200, Building Code

15   Upgrade coverage of $163,800, Extended Replacement Cost coverage, Personal Property coverage,

16   and Loss of Use / Living Expense coverage.

17        10.      Answering the allegations of plaintiffs' paragraph 10, this answering defendant

18   admits that plaintiff reported a water loss claim caused by water discharged from her dishwasher

19   that occurred in January 2021.  This answering defendant lacks sufficient information to admit or

20   deny the remaining allegations.

21        11.      Answering the allegations of plaintiffs' paragraph 11, this answering defendant

22   admits that plaintiff reported to State Farm that she called a plumber to stop the discharge of water

23   from the dishwasher.  This answering defendant lacks sufficient information to admit or deny the

24   remaining allegations.

25        12.      Answering the allegations of plaintiffs' paragraph 12, this answering defendant

26   denies said allegations.

27        13.      Answering the allegations of plaintiffs' paragraph 13, this answering defendant

28   admits, subject to the terms and conditions of the Policy, that the Policy provided coverage for

damage to plaintiff's insured property as set forth in the Policy, which is accurately reflected.  This answering defendant denies any allegations that are inconsistent with the Policy.

14.    Answering the allegations of plaintiffs' paragraph 14, this answering defendant admits that the quoted portion of its letter of March 15, 2021 is accurately reflected.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

15.    Answering the allegations of plaintiffs' paragraph 15, this answering defendant admits that it received a photograph of the dishwasher cavity on or around March 12, 2021.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

16.    Answering the allegations of plaintiffs' paragraph 14, this answering defendant admits that the quoted portion of its letter of March 15, 2021 is accurately reflected.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

17.    Answering the allegations of plaintiffs' paragraph 17, this answering defendant admits that ServiceMaster was sent to the insured property to investigate the loss.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

18.    Answering the allegations of plaintiffs' paragraph 18, this answering defendant lacks sufficient information to admit or deny said allegations.

19.    Answering the allegations of plaintiffs' paragraph 19, this answering defendant lacks sufficient information to admit or deny said allegations.

20.    Answering the allegations of plaintiffs' paragraph 20, this answering defendant lacks sufficient information to admit or deny said allegations.

21.    Answering the allegations of plaintiffs' paragraph 21, this answering defendant lacks sufficient information to admit or deny said allegations.

22.    Answering the allegations of plaintiffs' paragraph 22, this answering defendant lacks sufficient information to admit or deny said allegations.

23.    Answering the allegations of plaintiffs' paragraph 23, this answering defendant lacks sufficient information to admit or deny said allegations.

24.    Answering the allegations of plaintiffs' paragraph 24, this answering defendant admits that RegasGroup issued a written report and lab finding which indicated that the allegedly

damaged kitchen flooring contained asbestos and the countertop above the allegedly damaged cabinets contained lead, which required abatement by a licensed environmental hazard abatement contractor.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

25.     Answering the allegations of plaintiffs' paragraph 25, this answering defendant admits that plaintiff contacted State Farm to request Loss of Use / Additional Living Expense coverage.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

26.     Answering the allegations of plaintiffs' paragraph 26, this answering defendant admits that plaintiff submitted a remediation proposal from American Air Testing to State Farm, which was more expensive than the proposal received from RegasGroup.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

27.     Answering the allegations of plaintiffs' paragraph 27, this answering defendant admits that the Policy does not specifically define "uninhabitable."  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

28.     Answering the allegations of plaintiffs' paragraph 28, this answering defendant admits that on or about March 24, 2021, plaintiff's claim was assigned to Sharon Siu, and that State Farm ultimately changed its coverage position.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

29.     Answering the allegations of plaintiffs' paragraph 29, this answering defendant lacks sufficient information to admit or deny said allegations.

30.     Answering the allegations of plaintiffs' paragraph 30, this answering defendant lacks sufficient information to admit or deny said allegations.

31.     Answering the allegations of plaintiffs' paragraph 31, this answering defendant admits Sharon Siu inspected the property on or about March 29, 2021 asked plaintiff to recount the facts of the loss, and took measurements and photographs, and that the dishwasher was not removed.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

32.    Answering the allegations of plaintiffs' paragraph 32, this answering defendant admits Sharon Siu inspected the property on or about March 29, 2021, noted an area of the kitchen floor appeared to have water damage, and did not take moisture readings.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

33.    Answering the allegations of plaintiffs' paragraph 33, this answering defendant lacks sufficient information to admit or deny said allegations.

34.    Answering the allegations of plaintiffs' paragraph 34, this answering defendant admits said allegations.

35.    Answering the allegations of plaintiffs' paragraph 35, this answering defendant admits that the quoted portion of its letter of March 30, 2021 is accurately reflected.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

36.    Answering the allegations of plaintiffs' paragraph 36, this answering defendant admits that the letter of March 30, 2021 cites Policy exclusion provisions pertaining to mold and that plaintiff does not appear to have made a claim for a loss relating to mold.  This answering defendant denies that it relied on the mold exclusions in the Policy to deny coverage for the claim.

37.    Answering the allegations of plaintiffs' paragraph 37, this answering defendant admits that the quoted portion of its letter of March 30, 2021 is accurately reflected.  This answer defendant denies that it never investigated the cause of the water discharge or nature of the water damage, or deterioration, or that it lacked facts to support its denial of coverage.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

38.    Answering the allegations of plaintiffs' paragraph 38, this answering defendant admits the denial letter dated March 30, 2021 cited to the one-year suit provision within the Policy, and that the Policy included Endorsement FE-1386, which is accurately reflected.  This answering defendant lacks sufficient information to admit or deny the remaining allegations.

39.    Answering the allegations of plaintiffs' paragraph 39, this answering defendant lacks sufficient information to admit or deny said allegations.

40.    Answering the allegations of plaintiffs' paragraph 40, this answering defendant denies said allegations.

41.     Answering the allegations of plaintiffs' paragraph 41, this answering defendant incorporates the preceding paragraphs by reference as though fully set forth herein.

42.     Answering the allegations of plaintiffs' paragraph 42, this answering defendant denies said allegations.

43.     Answering the allegations of plaintiffs' paragraph 43, this answering defendant lacks sufficient information to admit or deny said allegations.

44.     Answering the allegations of plaintiffs' paragraph 44, this answering defendant lacks sufficient information to admit or deny said allegations.

45.     Answering the allegations of plaintiffs' paragraph 45, this answering defendant denies said allegations.

46.     Answering the allegations of plaintiffs' paragraph 46, this answering defendant denies said allegations.

47.     Answering the allegations of plaintiffs' paragraph 47, this answering defendant denies said allegations.

48.     Answering the allegations of plaintiffs' paragraph 48, this answering defendant denies said allegations.

49.     Answering the allegations of plaintiffs' paragraph 49, this answering defendant denies said allegations.

50.     Answering the allegations of plaintiffs' paragraph 50, this answering defendant incorporates the preceding paragraphs by reference as though fully set forth herein.

51.     Answering the allegations of plaintiffs' paragraph 51, this answering defendant admits that the Policy includes an implied covenant of good faith and fair dealing.  This answering denies the remaining allegations.

52.     Answering the allegations of plaintiffs' paragraph 52, this answering defendant denies said allegations.

53.     Answering the allegations of plaintiffs' paragraph 53, this answering defendant denies said allegations.

54.     Answering the allegations of plaintiffs' paragraph 54, this answering defendant

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED ANSWER TO COMPLAINT – CASE NO. 4:22-cv-01113-HSG**

1   denies said allegations.

2       55.    Answering the allegations of plaintiffs' paragraph 55, this answering defendant

3   denies said allegations.

4       56.    Answering the allegations of plaintiffs' paragraph 56, this answering defendant

5   denies said allegations.

6       57.    Answering the allegations of plaintiffs' paragraph 57, this answering defendant lacks

7   sufficient information to admit or deny said allegations.

8                              **AFFIRMATIVE DEFENSES**

9       AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

10  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

11  alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this

12  answering defendant.  The Complaint alleges that the loss was caused by water discharged from

13  plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021.

14  Plaintiff's the loss was not a covered accidental direct physical loss under her policy because it was

15  the result of wear, tear, or latent defect of the dishwasher and or its plumbing which resulted in

16  continuous and repeated leakage of water, which is excluded under the policy.  Therefore, State

17  Farm did not breach the contract when it denied plaintiff's claim, and it cannot be held liable for

18  breach of contract or breach of the implied covenant of good faith and fair dealing.  In addition,

19  State Farm, promptly and reasonably investigated plaintiff's loss and had reasonable grounds to

20  deny her claim.

21      AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

22  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

23  defendant alleges plaintiff's claims are barred because plaintiff failed to comply with the terms and

24  conditions of the insurance policy or policies at issue in the Complaint, and because said policy or

25  policies afforded no coverage or coverage was barred by one or more exclusions, policy limits or

26  deductibles.  The loss was caused by water discharged from plaintiff's dishwasher, which occurred

27  in January 2021, but was not reported until March 2021.  Thus, plaintiff failed to report the loss in a

28  timely manner as required by the policy.  Plaintiff's the loss was not a covered accidental direct

physical loss under her policy because it was the result of wear, tear, or latent defect of the dishwasher and or its plumbing which resulted in continuous and repeated leakage of water, which is excluded under the policy.

AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint. The loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. Thus, plaintiff failed to report the loss in a timely manner as required by the policy.

AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to mitigate the amount of her damages. The damages claimed by plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to her recovery under the Complaint. The loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. The Complaint alleges that plaintiff did not use the dishwasher after January 2021. The Complaint does not allege that plaintiff had the dishwasher removed in January 2021 to inspect or mitigate the alleged water damage.

AS A FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or in part caused by plaintiff or persons, firms, corporations or entities other than this answering defendant. The loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. The Complaint alleges that plaintiff hired a plumber to repair the faulty dishwasher. The Complaint does not allege that plaintiff had the dishwasher removed in January 2021 to inspect or mitigate the alleged water damage.

AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to perform certain conditions precedent that were imposed upon plaintiff by contract. The non-performance of said conditions excused defendant's obligations under the contract. The loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. Thus, plaintiff failed to report the loss in a timely manner as required by the policy.

AS A SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in the Complaint because plaintiff materially breached said contract. The loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. Thus, plaintiff failed to report the loss in a timely manner as required by the policy.

AS AN EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages pursuant to section 3294 of the Civil Code, violates defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded. The Complaint alleges that the loss was caused by water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported until March 2021. Plaintiff's the loss was not a covered accidental direct physical loss under her policy because it was the result of wear, tear, or latent defect of the dishwasher and or its plumbing which resulted in continuous and repeated leakage of water, which is excluded under the policy. Therefore, State Farm did not breach the contract when it denied plaintiff's claim, and it cannot be held liable for breach of contract, breach of the implied covenant of good faith and fair dealing or punitive damages. Nor is there any evidence, let alone clear and convincing evidence that supports a finding that State Farm acted with fraud, oppression or malice as required to support a claim for punitive damages.

1    AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

2  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

3  alleges that plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages

4  pursuant to section 3294 of the Civil Code, violates defendant's rights to protection from "excessive

5  fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section

6  17, of the Constitution of the State of California, and violates defendant's rights to substantive due

7  process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and

8  the Constitution of the State of California, and therefore fails to state a cause of action supporting

9  the punitive or exemplary damages claimed.  The Complaint alleges that the loss was caused by

10  water discharged from plaintiff's dishwasher, which occurred in January 2021, but was not reported

11  until March 2021.  Plaintiff's the loss was not a covered accidental direct physical loss under her

12  policy because it was the result of wear, tear, or latent defect of the dishwasher and or its plumbing

13  which resulted in continuous and repeated leakage of water, which is excluded under the policy.

14  Therefore, State Farm did not breach the contract when it denied plaintiff's claim, and it cannot be

15  held liable for breach of contract or breach of the implied covenant of good faith and fair dealing.

16  Nor is there any evidence, let alone clear and convincing evidence that supports a finding that State

17  Farm acted with fraud, oppression or malice as required to support a claim for punitive damages.

18    WHEREFORE, this answering defendant pray for judgment as follows:

19    1.    That plaintiff takes nothing by her Complaint;

20    2.    For costs of suit incurred herein; and

21    3.    For such other and further relief as the Court deems proper.

22  Dated:  April 28, 2022              HAYES SCOTT BONINO ELLINGSON
                                       GUSLANI SIMONSON & CLAUSE LLP
23

24                                     By_____
                                         STEPHEN M. HAYES
25                                       STEPHEN P. ELLINGSON
                                         JAMIE A. RADACK
26                                       Attorneys for Defendant
                                         STATE FARM GENERAL INSURANCE
27                                       COMPANY

28

1926807                          - 10 -