1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                       SAN FRANCISCO DIVISION

7

8    DEBRA COHEN TUDOR,                    Case No. 22-cv-01113-RFL (PHK)

9                Plaintiff,                **ORDER RESOLVING DISPUTE RE
                                           PROTECTIVE ORDER**
10        v.
                                           Re: Dkts. 55, 60, 61
11   STATE FARM GENERAL INSURANCE
     COMPANY, et al.
12
                Defendants.
13

14        This case has been referred to the undersigned for all discovery purposes.  *See* Dkt. 56.

15   Now pending before the Court is a joint letter brief and follow-up briefing regarding a dispute

16   between the Plaintiff Debra Tudor ("Plaintiff") and Defendant State Farm General Insurance Co.

17   ("State Farm") as to certain proposed provisions of the Protective Order governing confidential

18   information and documents produced in discovery in this case.  [Dkt. 55; Dkt. 60; Dkt. 61].  Both

19   Parties agree that a Protective Order should be entered for this case, but have raised specific

20   disputes regarding certain terms to be included in the Protective Order.

21        After reviewing the Parties' initial discovery letter brief [Dkt. 55], the Court directed the

22   Parties to fully comply with the undersigned's Discovery Standing Order and to meet and confer

23   pursuant to the provisions therein.  [Dkt. 57].  The Parties filed a joint status report indicating that,

24   after further meet and confer, the Parties were incapable of narrowing this dispute.  [Dkt. 58].  The

25   Court thereafter ordered the Parties to submit copies of their competing versions of the Protective

26   Order, along with a statement identifying those edits proposed by the opposing side to which each

27   Party did not object.  [Dkt. 59].  The Parties filed their respective competing versions of the

28   Protective Order and identified in separate statements those changes to the other side's proposed

United States District Court
Northern District of California

1    Protective Order for which that Party had no objection.  *See* Dkts. 60-63.  In light of the number of

2    changes for which both sides no longer had objections, the Court ordered the Parties to submit a

3    redline version of the Protective Order which incorporated all non-objectionable edits from both

4    sides and identified those remaining proposed changes from each side (color coded for clarity) for

5    which objections and thus disputes remain.  [Dkt. 64].  On October 10, 2025, the Parties submitted

6    the redline version of the Protective Order by email to the Court, but did not file that redline

7    version on the docket.  The Court attaches that redline version of the proposed Protective Order as

8    an Appendix to this Order.

9         The Court finds the dispute suitable for resolution without oral argument.  *See* Civil L.R.

10   7-1(b).

11        The Court is issuing the final Protective Order for this case as a separate docket entry,

12   which reflects the resolution of the disputes as analyzed herein.

13                                    **LEGAL STANDARD**

14        The generally applicable legal standards for discovery are well-known.  The Court has

15   broad discretion and authority to manage discovery.  *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*,

16   641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling

17   discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.");

18   *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003).  The Court's discretion extends to

19   crafting discovery orders that may expand, limit, or differ from the relief requested.  *See*

20   *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to

21   tailor discovery narrowly and to dictate the sequence of discovery").

22        "It is well-established that the fruits of pretrial discovery are, in the absence of a court

23   order to the contrary, presumptively public."  *San Jose Mercury News, Inc. v. U.S. Dist. Court*,

24   187 F.3d 1096, 1103 (9th Cir. 1999).  However, Federal Rule of Civil Procedure 26(c) provides

25   that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

26   embarrassment, oppression, or undue burden or expense, including one or more of the following . .

27   . requiring that a trade secret or other confidential research, development, or commercial

28   information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

United States District Court
Northern District of California

United States District Court
Northern District of California

"While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). The Ninth Circuit has recognized that district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Courts have recognized that, absent the entry of a protective order, the public disclosure of information such as financial information, customer names, employee lists, business proposals, and business pitches may result in competitive harm. *See Bayside Sols., Inc. v. Avila*, No. 21-cv-08738-PJH, 2022 WL 3215010, at *2 (N.D. Cal. Aug. 9, 2022) (citing *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008); *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021)). The scope of a district court's discretion in discovery matters includes the "decision to grant, lift or modify a protective order[.]" *Roman Cath. Archbishop*, 661 F.3d at 423.

## DISCUSSION

The proposed Protective Order presented to the Court here is largely based on the Northern District of California's Model Stipulated Protective Order (for standard litigation) (available at https://cand.uscourts.gov/sites/default/files/documents/CAND_StandardProtOrd.Feb2022_0.pdf) (hereafter "Model PO"). From the final redline submitted by the Parties, it appears that virtually all changes proposed by Plaintiff have been resolved (with the sole exception discussed below), and the bulk of the disputes concern edits proposed by State Farm to that Model PO. Plaintiff objects to State Farm's proposed changes. Some of State Farm's proposed changes to the Model PO (as well as some of the arguments in favor of those proposed edits) appear to be adapted from or conceptually derived from provisions of the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (available at https://cand.uscourts.gov/sites/default/files/documents/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.pdf) (hereafter "Model Highly Confidential PO").

3

United States District Court
Northern District of California

"The Northern District's model protective order is presumptively reasonable." *Hernandez v. Syncrasy*, No. 21-cv-09212-CRB (LJC), 2023 WL 2600452, at * 2 (N.D. Cal. Mar. 21, 2023) (quoting *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR-DMR, 2017 WL 930317, at *3 (N.D. Cal. Mar. 9, 2017)). "A party seeking to deviate from the [Northern District's] model protective order bears the burden of showing the specific harm and prejudice that will result if its request is not granted." *Id.* (quoting *ESC-Toy Ltd. v. Sony Interactive Ent. LLC*, No. 21-CV-00778-EMC-DMR, 2022 WL 1714627, at *2 (N.D. Cal. May 27, 2022)).

**Dispute re: Consulting Attorneys**

Based on the Parties' briefing, the primary dispute here relates to the various provisions of the Model PO which allow for disclosure of confidential information to experts and consultants. The specific dispute here centers on Plaintiff's consultants who are attorneys but are not counsel of record in this case, so-called "consulting attorneys." In particular, State Farm raises concerns about Plaintiff's engagement of one or more consulting attorneys, without State Farm knowing who such consulting attorneys are (since they are not counsel of record) and without any provisions in the Model PO to allow State Farm to consider whether there is a basis to object to disclosure of State Farm confidential information to such consulting attorneys. In particular, State Farm appears concerned that any consulting attorneys are or may be engaged in current or future litigation against State Farm involving disputes similar to the causes of action in this case relating to water loss claims.

State Farm argues that it "recently learned that other plaintiffs' counsel in California have shared State Farm's confidential information in violation of the terms of protective orders, including under the guise of an undisclosed 'consulting attorney' role, and that such improper and undisclosed sharing of State Farm's confidential may now be commonplace." [Dkt. 55 at 4]. Based on these issues which arose in other cases (and admittedly not involving Plaintiff's attorney here), State Farm has proposed edits to the Model PO which exclude "consulting attorneys" from the definition of "Experts" to whom "Confidential Information" may be disclosed (even if they execute the undertaking to be bound by the Protective Order), effectively barring any "consulting attorney" from receiving any confidential information. [Dkt. 61 at 2].

United States District Court
Northern District of California

1    State Farm has also proposed a requirement that, prior to any disclosure of any confidential

2    information to any person authorized to receive such information, the Party designating material as

3    confidential must receive seven days' notice prior to any such planned disclosure, including a

4    copy of that person's undertaking to be bound by the Protective Order (which would identify the

5    receiving person including non-testifying consultants).  *Id.* at 9.

6    State Farm argues that these additional limitations on disclosure of its confidential

7    information are necessary because of concerns about improper public disclosure of State Farm's

8    confidential documents and information by other lawyers in other cases, including in particular an

9    attorney named Schaffer.  [Dkt. 55 at 5].  Mr. Schaffer has litigated against State Farm recently, he

10   is or was apparently a "consulting attorney" (but not counsel of record) for the plaintiff in a

11   different lawsuit against State Farm, and he allegedly consults with "many other lawyers in

12   California on State Farm matters."  *Id.* at 5-6.  In a Central District of California action involving

13   Mr. Schaffer (representing a different plaintiff than Plaintiff here) against State Farm, the court

14   there entered a modified protective order which incorporated edits requested by State Farm due to

15   findings that Mr. Schaffer was slow to comply with protective orders in other cases involving

16   State Farm and because he apparently attempted to subpoena confidential State Farm documents

17   from a "friendly" plaintiff's law firm in an apparent attempt to bypass the protective order

18   covering those documents.  *See Tong v. State Farm Gen. Ins. Co.*, No. 2:24-cv-02219-DSF-MAR,

19   2024 WL 5472414, at *4 (C.D. Cal. Dec. 20, 2024) ("The Court finds it necessary to include

20   Defendant's additional protections given Plaintiffs' counsel's belated compliance with protective

21   orders in other cases against Defendant and their efforts to subpoena Attorney Dawson in the

22   Mojica matter to obtain Defendant's confidential information outside the limitations of a protective

23   order.") (emphasis in original).

24   In *Tong*, State Farm also submitted a declaration indicating that a list of State Farm's

25   "confidential training material and claims guidelines" identical to a list compiled by Mr. Schaffer

26   in another case "appeared as a blog post on the website of another plaintiffs' [law] firm who also

27   frequently handled cases against [State Farm]."  *Id.*  State Farm argues that Plaintiff's counsel in

28   this case has sought in discovery certain documents by title whose existence was allegedly made

1    public by that blog post, which allegedly is based on Mr. Schaffer's compilation of confidential

2    State Farm documents "made by mining the contents of confidential documents produced by State

3    Farm pursuant to protective order in another matter."  [Dkt. 55 at 5].

4        State Farm proposes its edits to the Model PO based on the concerns that it lacks the

5    opportunity to object to disclosure of its confidential information to any consulting attorneys

6    because, based on what has happened in these other cases, such disclosure risks further "erosion"

7    of the protections of protective orders in this and other cases.  *Id.* at 6 ("If State Farm does not

8    know who has access to its information, it cannot take necessary steps to protect it.").

9        In opposition, Plaintiff argues that State Farm's proposed edits to the Model PO are

10   unnecessary.  Plaintiff argues, first, that any alleged "improper disclosure" of State Farm's

11   confidential information "in other cases—cases handled by other attorneys" are "totally irrelevant

12   to this case."  *Id.* at 2.  Plaintiff stresses that "State Farm does not contend that plaintiff's counsel

13   Bruce Cohen has participated in these wrongful disclosures."  *Id.*

14       Plaintiff argues that State Farm's proposed edits to the Model PO's paragraph 7.4 "would

15   force [Plaintiff] to disclose to State Farm the identity of the consultants with whom she has shared

16   covered materials, which would violate her attorney client, attorney work product, and attorney

17   consultant privileges."  *Id.* at 3.  Plaintiff argues that "State Farm has made no secret of the fact

18   that its desire in obtaining this information is to be able to object to [Plaintiff]'s selection of

19   consultants/experts; multiple previous PO versions offered by State Farm gave it the right to not

20   only review, but in fact veto, [Plaintiff]'s selection of consultants/experts."  *Id.*

21       Contrary to State Farm, Plaintiff proposes editing the Model PO to clarify that

22   "Consultants" (who sign an undertaking to abide by the Protective Order) are expressly authorized

23   to receive an opposing party's designated confidential information.  *Id.* at 2.  Plaintiff concedes

24   that the definitions of "Party" and "Receiving Party" in the Model PO already include consultants,

25   but argues that this proposed edit is necessary "to avoid any possible protest by State Farm."  *Id.*

26       Under the Model PO, the term "Expert" is defined to include both an "expert witness" and

27   a "consultant."  Model PO at ¶ 2.6.  Accordingly, under the Model PO, a non-testifying consultant

28   may receive confidential information if they have executed an undertaking to be bound by the

protective order. *Id.* at ¶ 7.2(c). There is no requirement in the Model PO itself to pre-identify consultants to whom disclosure of confidential information is contemplated. There are of course separate requirements for identifying testifying experts (and the facts/data they considered) under Federal Rule of Civil Procedure 26(a)(2). By contrast, the Court's Model Highly Confidential PO has two levels of confidentiality designations for documents/information ("Confidential" and "Highly Confidential") and thus contains a procedure for approving or objecting to disclosure of highly confidential information to both certain in-house counsel and to experts. *See* Model Highly Confidential PO at ¶ 7.4.

It is apparent that State Farm's proposed edits to the Model PO conceptually attempt to graft onto the Model PO a procedure for pre-identification (and thus a chance to object prior to disclosure) of anyone receiving confidential information without incorporating the provisions of the Model Highly Confidential PO. More importantly, as noted, the effect of State Farm's proposed edit to the definition of "Experts" would remove "consulting attorneys" from being able to receive any confidential information at all. Conversely, Plaintiff's proposed edit to the Model PO would confirm that any consultant can receive confidential information (where Plaintiff treats attorneys who are not counsel of record as "consultants").

One potential approach for resolving this dispute is to require any attorney to enter appearance on the docket, if that attorney is advising a Party about this litigation and if there is a desire to disclose the opposing Party's confidential information to that consulting attorney. *See, e.g., Future Link Sys. LLC v. Realtek Semiconductor Corp.*, 154 F.4th 1370, 1380 (Fed. Cir. 2025) (affirming district court's denial of request to modify protective order which "requires counsel to file a notice of appearance to have access to confidential materials. . . . [T]his is a 'standard provision in Texas'[.]"). Requiring consulting attorneys to enter appearance would result in identifying them. However, that blanket approach is not "standard" in this District as reflected in both model protective orders.

Further, just because a consultant is a member of the bar does not necessarily mean that every such consulting attorney is acting in their capacity as litigation counsel—attorneys may have technical skills or other expertise as consultants which are not derived from or based on their legal

United States District Court
Northern District of California

1    skills. *See, e.g., C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-cv-00754-HCN-DAO, 2020

2    WL 5107632, at *2-4 & n.3 (D. Utah Aug. 31, 2020) (denying motion for protective order to bar

3    disclosure of confidential information to two technical advisors who are lawyers: "[Moving party]

4    Bard also argues that if MedComp wants [consultants] Judge Rader and Mr. Kunin to see its

5    Confidential/AEO information, they should enter appearances as counsel, since they are both

6    attorneys.  Bard has not cited any case law or authority prohibiting attorneys from acting as

7    technical advisors.") (internal citation omitted)).

8         As noted, the Court's discretion in discovery matters extends to crafting discovery orders

9    that may expand, limit, or differ from the relief requested.  *Crawford-El*, 523 U.S. at 598.  "To be

10   sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

11   appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S.

12   20, 36 (1984).

13        The Court finds that neither Party's proposed edits to the Model PO are adequate to

14   address both the concerns about access to confidential information by unknown attorneys and the

15   concerns about one side's interfering with the other side's selection of consultants to assist in pre-

16   trial and trial case preparation.  Given the prevalence of patent lawsuits and other commercial

17   litigation involving highly confidential information in the Northern District of California, it is no

18   surprise that this dispute has arisen previously in this Court.  In *Apple v. Samsung*, the litigants

19   proposed competing protective orders which treated consultants (and whether they were to be

20   identified) differently:

21        The main difference between the parties' proposals lies with the confidentiality
22        designation(s), for which Apple proposes a single-tier ("Highly Confidential–
          Attorneys' Eyes Only ("AEO")") and Samsung proposes two tiers ("Confidential"
23        and "Highly Confidential–AEO").  Apple's single-tier would allow disclosure of
          marked material to expert witnesses, including non-testifying experts and
24        consultants, only after the party seeking to disclose has provided notice and an
          opportunity to the other side to object and intercede. Apple argues that its PO is
25        consistent with the parties' practice thus far in this litigation and in concurrent
          litigation before the International Trade Commission ("ITC"), and thus averts the
26        risk of increased motion practice based on shifting to a two-tier structure. Samsung
          argues that rather than simply maintaining the status quo, the final PO should
27        balance the protections sought by both parties with the well-established practice of
          retaining undisclosed, non-testifying experts and consultants[.]

28

United States District Court
Northern District of California

8

1    *Apple Inc. v. Samsung Elec. Co.*, No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *1 (N.D. Cal.

2    Jan. 27, 2012).

3         The *Apple* opinion resolved that dispute by recognizing the difference between a non-

4    testifying consultant's access to merely "Confidential Information" versus "Highly Confidential

5    Information" in the two-tier type of protective order.  "In general, parties should be able to share

6    documents with their experts that, while confidential, do not qualify for 'highly confidential'

7    designation.  In a two-tier system, this may be done without a party having to disclose the non-

8    testifying expert or consultant, secure the other side's approval, and run the risk of facing and

9    litigating objections."  *Id.* at *2.  The *Apple* opinion reasoned that a two-tier approach to the

10    protective order "best addresses each side's legitimate concerns regarding confidentiality and

11    respects the role of non-testifying experts and consultants."  *Id.*  The *Apple* opinion concluded that

12    "[s]o long as the material disclosed is merely 'confidential' and the nontestifying consultant agrees

13    to be bound by the provisions of the PO, the role of non-testifying experts and consultants may

14    remain unfettered by a requirement to seek permission for every confidentiality disclosure."  *Id.*

15         This approach respects the role that non-testifying consultants may play in supporting a

16    litigant, while balancing a designating party's concerns about the disclosure of its highly

17    confidential documents and information.  If a party desires to work with a consultant (or

18    consulting attorney) without identifying such person and without risking ancillary litigation over

19    objections to disclosure, under a two-tier protective order that party may disclose first level

20    "Confidential" materials to the consultant (as well as any public or non-confidential materials of

21    course) and thus have the flexibility to engage with that consultant anonymously.  However, if a

22    party desires to disclose "Highly Confidential" materials to that non-testifying consultant, then the

23    Model Highly Confidential PO's provisions for identification and objections (if any) from the

24    designating party prior to disclosure would apply.  The choice of whether or not to disclose the

25    identity of the non-testifying consultant thus rests with the party working with their consultant.

26         Accordingly, the Court modifies the proposed Protective Order, first, by rejecting the edits

27    proposed by both Parties directed to this dispute over consulting attorneys (*e.g.*, edits to

28    Paragraphs 2.6, 2.10, 7.3, and 7.4).  The Court resolves this dispute by adopting the provisions of

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the Model Highly Confidential PO relevant to creating two tiers of confidentiality ("Confidential"

2   and "Highly Confidential") and providing that disclosure of "Confidential" information to

3   consultants (which includes consulting attorneys) is allowed without identifying them, whereas

4   disclosure of "Highly Confidential" information to consultants (including consulting attorneys) is

5   subject to and may only be done after the identification and objection procedures in the Model

6   Highly Confidential PO.  As noted above, the Court is separately issuing the final Protective Order

7   in this case, which reflects the Court's resolution of these disputes as discussed herein.

8         The Court is cognizant that the Parties have already engaged in discovery and may have

9   designated materials as "Confidential" because both Parties' proposed Protective Orders

10  contemplated a single-tier Protective Order.  Accordingly, the Court **ORDERS** that all materials

11  already produced in discovery which were previously designated as "Confidential" **SHALL** be

12  treated as "Highly Confidential" under the final Protective Order issued separately by the Court

13  unless such material is de-designated entirely or re-designated as merely "Confidential."  As the

14  *Apple* opinion recognized, "[t]he court does not view the entry of a two-tiered confidentiality

15  structure to require wholesale review of designations already made in the course of the litigation.

16  Rather, the party wishing to disclose the material to an expert or consultant must initiate a request

17  for de-designation or to lower the designation.  The burden of establishing the propriety of any

18  confidentiality designation remains, however, with the party making the designation."  2012 WL

19  1511901, at *2 n.2.

20  **Secondary Disputes**

21        State Farm has proposed several other changes to the Model PO which are unrelated to the

22  issue of consultants, for which Plaintiff has raised specific objections.

23        **Timing of Confidentiality Designation of Deposition Testimony/Transcript**

24        State Farm has proposed editing Paragraph 5.2(b) of the Model PO which requires a

25  designating party to identify on the record "before the close of the deposition, hearing, or other

26  proceeding" all testimony which is to be treated as confidential under the protective order.  [Dkt.

27  61 at 5].  State Farm's proposed edits would provide a thirty-day period *after* the receipt of the

28  transcript of any such deposition, hearing, or other proceeding for a party to designate testimony

as protected under the protective order, and also would allow a party to pre-designate an entire deposition, hearing, or other proceeding's transcript as protected under the protective order prior to that deposition or hearing taking place. *Id.*

Plaintiff objects that these edits "demolish[]" the intent of the Model PO by extending the deadline for designation far beyond the date of the deposition or hearing. [Dkt. 55 at 3]. Plaintiff also objects that the proposal to pre-designate a transcript prior to the deposition or hearing even taking place would allow proceedings to be treated as protected even where the content of the transcript would not, in fact, meet the applicable standards for a confidentiality designation. *Id.*

A "party seeking to protect documents from the public must demonstrate good cause exists." *Bayside Sols.*, 2022 WL 3215010, at *1 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11. It follows, therefore, that "[a] party seeking to deviate from the [Northern District's] model protective order bears the burden of showing the specific harm and prejudice that will result if its request is not granted." *Hernandez*, 2023 WL 2600452, at * 2.

State Farm's letter brief does not seek to justify these proposed edits. Rather, as noted above, State Farm devotes the vast bulk of its briefing to the "consulting attorney" issue and a highly granular discussion of Mr. Schaffer and proceedings in other, unrelated litigation matters which do not involve Plaintiff or her counsel. None of that briefing explains why State Farm seeks to deviate from the timing and procedural provisions in the Model PO for designating transcripts as containing protected materials. By its lack of briefing on this issue, State Farm has failed to demonstrate *any* harm or prejudice that would result if these proposed edits to the Model PO are not granted, much less any *specific* harm or prejudice. Accordingly, the Court **DENIES** State Farm's requests to edit these portions of the Model PO. The Court's resolution of this issue is reflected in the final Protective Order issued separately on the docket.

### Existence of Protected Materials

State Farm has proposed an additional paragraph to Section 7.1 of the Model PO which defines further what "use" of confidential information under the protective order would include,

United States District Court
Northern District of California

1    and in particular includes language stating that merely "making reference to the existence . . . of

2    documents produced subject to this Protective Order" would constitute a "use" of such

3    confidential information (and thus would be limited to only such "use" in this litigation).  [Dkt. 61

4    at 7].

5            Plaintiff contends that this proposed edit would amount to a "gag order."  [Dkt. 55 at 3].

6    She argues that prohibiting her from acknowledging even the mere existence (as opposed to the

7    contents) of protected materials is unprecedented.  *Id.*

8            As with the proposed edits above regarding deposition transcripts, State Farm's briefing

9    does not even address these proposed edits specifically.  The Model PO already requires that "[a]

10   Receiving Party may use Protected Material that is disclosed or produced by another Party or by a

11   Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this

12   litigation."  Model PO at ¶ 7.1.

13           State Farm has failed to demonstrate any *specific* harm or prejudice that would result if

14   these proposed edits to the Model PO are not granted.  State Farm's extensive arguments about

15   third parties who may have used State Farm confidential information (either by compiling lists of

16   State Farm confidential documents or posting such compilation publicly on a blog) are unrelated

17   to the Parties and lawyers here.  Certainly, State Farm has the ability to file appropriate motions

18   for relief or take other appropriate action if a recipient of protected materials in this action violates

19   the basic principles of the Model PO and uses any protected material in a manner that is not for

20   prosecuting, defending, or attempting to settle this litigation.  Accordingly, the Court **DENIES**

21   State Farm's requests to edit this section of the Model PO.  The Court's resolution of this issue is

22   reflected in the final Protective Order issued separately on the docket.

23           **Persons Who Previously Possessed or Knew Confidential Information**

24           State Farm has proposed an edit to Section 7.3(g) of the Model PO which adds the term

25   "lawfully" to this provision, such that confidential information under the protective order may be

26   disclosed to "the author or recipient of a document containing the information or a custodian or

27   other person who otherwise *lawfully* possessed or knew the information[.]"  [Dkt. 61 at 9

28   (emphasis added)].  The effect of this edit would be to limit permissible disclosure to persons who

1    only "lawfully" possessed or knew the information prior to such disclosure, as opposed to persons

2    who merely possessed or knew the information prior to disclosure in this case.

3         Plaintiff objects that State Farm's proposed edit would require her "to perform the

4    impossible task of determining whether 'the author or recipient of a document containing the

5    information' not only possessed or knew the information, but '*lawfully* possessed or knew it.'"

6    [Dkt. 55 at 3]. Plaintiff argues that State Farm effectively wants her "to act as its police force as to

7    this issue." *Id.* She argues that she "has neither the duty nor the ability to determine how

8    information possessed or known by such individuals may have been obtained, and she should not

9    be burdened with undertaking that investigation." *Id.*

10        As with the proposed edits above regarding deposition transcripts, State Farm's briefing

11   does not even address this proposed edit specifically. As noted, the Model PO provides for

12   disclosure of protected materials to a person who possessed or knew the information previously,

13   presumably for the common sense reason that someone who previously possessed or knew the

14   information already has or had knowledge of it and thus further disclosure to such person does

15   nothing to disseminate the confidential information beyond the scope of its prior disclosure.

16   Model PO at ¶ 7.2(g).

17        As with the proposed edits discussed above, State Farm has failed to demonstrate any

18   *specific* harm or prejudice that would result if these proposed edits to the Model PO are not

19   granted. State Farm's extensive arguments about third parties who may or may not have complied

20   with protective orders in other cases are unrelated to the Parties and lawyers here. As Plaintiff

21   notes, "[i]f State Farm has evidence that anyone has unlawfully obtained its confidential

22   information, it has the ability to pursue appropriate remedies against them." [Dkt. 55 at 3]. *Tong*,

23   discussed above, indicates that State Farm knows how to take actions against third-party attorneys

24   such as Mr. Schaffer, for example. To be sure, nothing in this Order (or the final Protective Order)

25   prevents State Farm from filing appropriate motions for relief or from taking other appropriate

26   action if a person has unlawfully possessed or come to know State Farm's confidential

27   information. Accordingly, the Court **DENIES** State Farm's requests to edit this section of the

28   Model PO. The Court's resolution of this issue is reflected in the final Protective Order issued

United States District Court
Northern District of California

13

separately on the docket.

**Miscellaneous Issues**

Finally, State Farm has proposed a handful of other edits to the Model PO for which the Parties devote no substantive briefing.  For example, State Farm has inserted the word "reasonable" in Paragraph 6.2 to modify the "opportunity" a designating party has to review material for which a confidentiality designation is challenged.  *Id.* at 6.  Further, State Farm has (without explanation) inserted a proposed new Section 7.2 which expands the definition of permissible "uses" of confidential information by State Farm.  [Dkt. 61 at 8].  Similarly, State Farm has proposed an edit to introductory language to Section 7.3 referencing the persons authorized to receive confidential information without any explanation as to why these edits are necessary or make any substantive difference.  *Id.*  Additionally, State Farm has proposed adding a paragraph to the end of the Model PO which refers to the Court's continuing jurisdiction over disputes regarding disclosure, return, or destruction of protected material after final disposition of this case, again without any briefing to explain why this edit is necessary or what the specific harm would be if rejected.  *Id.* at 13.

In the redline comments to the jointly submitted proposed Protective Order, Plaintiff has indicated her objection to all or portions of each of these miscellaneous proposed edits.  As noted, "[a] party seeking to deviate from the [Northern District's] model protective order bears the burden of showing the specific harm and prejudice that will result if its request is not granted."  *Hernandez*, 2023 WL 2600452, at * 2.  Here, these miscellaneous edits proposed by State Farm are not supported by any discussion of specific harms or prejudice which requires their adoption.  None of these appear to be related to the "consulting attorney" or other issues discussed above.  Because Plaintiff objects to these proposed changes, State Farm bears the burden to identify the specific harm and specific prejudice absent the adoption of these proposed edits, and plainly, State Farm's silence on these edits constitutes a failure to meet that burden here.  Accordingly, the Court **DENIES** these miscellaneous edits to the Model PO proposed by State Farm.  The Court's resolution of this issue is reflected in the final Protective Order issued separately on the docket.

The Court notes that there are a handful of edits to the proposed Protective Order which the

United States District Court
Northern District of California

1   Parties specifically identify in their redline comments as agreeable to both sides.  *See, e.g.*, Dkt. 61

2   at 1, 3.  Based on those express agreements, the Court adopts those edits in the final Protective

3   Order being issued separately.

4         The Court also notes that there are a handful of edits proposed by State Farm which, unlike

5   the redline edits discussed above, have no express indication in the redline comments as to

6   whether Plaintiff objects or agrees to their inclusion.  For example, State Farm has proposed an

7   edit to Paragraphs 5.2(a) and 5.2(c) which would alter the specific language to be affixed to a

8   document to designate that document as confidential without explanation as to why this proposed

9   edit makes a substantive difference.  *Id.* at 4-5.  Similarly, State Farm has inserted the phrase "or

10  unintentional" in Paragraph 5.3 of the Model PO without any explanation and without any

11  indication as to Plaintiff's objection or agreement to this insertion.  *Id.* at 5. Additionally, State

12  Farm has added categories of persons to whom confidential information may be disclosed to

13  include "law enforcement officers," jurors, and any other persons required by law or authorized

14  specifically by the Parties.  *Id.* at 9.

15        The Court notes that the Order which instructed the Parties to jointly submit the redlined

16  proposed Protective Order (*see* attached Appendix) required the Parties to "submit a joint

17  proposed protective order (including a Word version) which (1) incorporates all edits to the Model

18  Protective Order from both sides for which there are no objections from the other side, and (2) for

19  those remaining proposed edits from each side for which there *are* objections remaining, sets forth

20  each side's competing proposed language clearly identifying the Party proposing each such

21  competing proposal (and, if a Party contends that an edit should not be added, a statement to that

22  effect without argument) in the appropriate locations of the joint proposed order."  [Dkt. 64].  For

23  these handful of edits, there is no "statement" as to whether "a Party contends that an edit should

24  not be added."  Unlike the expressly objected to or expressly agreed upon edits, there are simply

25  no comments or statements in either the redline or the briefing as to these handful of edits.

26  Accordingly, the Court construes these uncommented edits as proposals "for which there are no

27  objections from the other side."  The Court thus **GRANTS** the unopposed insertion of these

28  proposed edits into the Model PO's language.  The Court's resolution of these issues is reflected in

United States District Court
Northern District of California

the final Protective Order issued separately on the docket.

**Unripe Issues**

The Parties devote substantial portions of their briefing on several issues unrelated to the Protective Order, which are neither germane to the disputes here nor ripe for adjudication. For example, the issue of whether Plaintiff timely produced a video in discovery is unrelated to the specific disputes under the Protective Order. Further, because the Parties admit that Plaintiff produced that video, there appears to be no live discovery dispute as to that issue. To the extent that these and other irrelevant issues were mentioned in the briefing, the Court **DENIES** any requested relief as to such issues as premature.

## CONCLUSION

Accordingly, for all the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Parties' motion requesting modifications to the Model PO. Accordingly, the Court hereby **ORDERS** that the final version of the Protective Order reflecting the resolution of the disputes as discussed herein **SHALL** be entered on the docket as a standalone Order.

This **RESOLVES** Dkts. 55, 60, and 61.

**IT IS SO ORDERED.**

Dated: December 15, 2025

_____
PETER H. KANG
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# APPENDIX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA COHEN TUDOR,                          CASE NO. 5:22-cv-01113-RFL

        Plaintiff,

    vs.                                 **[PROPOSED] PROTECTIVE ORDER**
                                            **(Based on the Northern District's Model**
                                            **Protective Orders)**
STATE FARM GENERAL INSURANCE
COMPANY, an Illinois corporation; and
DOES 1 through 50, inclusive,

        Defendants.

## PROTECTIVE ORDER

1.   <u>PURPOSES AND LIMITATIONS</u>

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the following protective order is warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

> **Commented [JR1]:** For ease of reference, this paragraph has been revised to reflect minor, non-substantive revisions, to which the parties agree.

2.   <u>DEFINITIONS</u>

    2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well

1  as their support staff).

2      2.4  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it

3  produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4      2.5  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

5  medium or manner in which it is generated, stored, or maintained (including, among other things,

6  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

7  responses to discovery in this matter.

8      2.6  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

9  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

10  consultant in this action.  The term "Expert" does not include consulting attorneys who are not

11  attorneys of record in this action.

> **Commented [JR2]:** State Farm proposes this addition. Plaintiff opposes this addition.

12      2.7  <u>House Counsel</u>:  attorneys who are employees of a party to this action. House

13  Counsel does not include Outside Counsel of Record or any other outside counsel.

14      2.8  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal

15  entity not named as a Party to this action.

16      2.9  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this

17  action but are retained to represent or advise a party to this action and have appeared in this action

18  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

> **Commented [JR3]:** State Farm proposes this deletion. Plaintiff opposes this deletion.

19      2.10  <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

20  consultants (but not consulting attorneys), retained experts, and Outside Counsel of Record (and

21  their support staffs).

> **Commented [JR4]:** State Farm proposes this addition. Plaintiff opposes this addition.

22      2.11  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

23  Material in this action.

24      2.12  <u>Professional Vendors</u>:  persons or entities that provide litigation support services

25  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

26  storing, or retrieving data in any form or medium, etc.) and their employees and subcontractors.

27      2.13  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

28  "CONFIDENTIAL."

2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this ~~Stipulation and~~ Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents,

**Commented [JR5]:** For ease of reference, all further references to "stipulation" have been removed pursuant to the parties' agreement.

1   items, or communications for which protection is not warranted are not swept unjustifiably within

2   the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

4   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

5   encumber or retard the case development process or to impose unnecessary expenses and burdens

6   on other parties) expose the Designating Party to sanctions.

7        If it comes to a Designating Party's attention that information or items that it designated for

8   protection do not qualify for protection, that Designating Party must promptly notify all other

9   Parties that it is withdrawing the mistaken designation.

10       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

11  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

12  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

13  designated before the material is disclosed or produced.

14       Designation in conformity with this Order requires:

15            (a)  for information in documentary form (e.g., paper or electronic documents, but

16  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

17  affix the legend "CONFIDENTIAL Pursuant to Protective Order" to each page that contains

18  protected material. If only a portion or portions of the material on a page qualifies for protection,

19  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

20  markings in the margins).

21       A Party or Non-Party that makes original documents or materials available for inspection

22  need not designate them for protection until after the inspecting Party has indicated which material

23  it would like copied and produced. During the inspection and before the designation, all of the

24  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

25  Party has identified the documents it wants copied and produced, the Producing Party must

26  determine which documents, or portions thereof, qualify for protection under this Order. Then,

27  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

28  legend to each page that contains Protected Material. If only a portion or portions of the material on

1  a page qualifies for protection, the Producing Party also must clearly identify the protected

2  portion(s) (e.g., by making appropriate markings in the margins).

3          (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

4  Designating Party identify on the record, before the close of the deposition, hearing, or other

5  proceeding, all protected testimony or by written notice of counsel no later than thirty (30) days

6  after receipt of the transcript of said deposition, hearing or other proceeding, all protected

7  testimony.  All testimony, regardless of whether designated as "CONFIDENTIAL" on the record,

8  shall be treated as "CONFIDENTIAL" until thirty (30) days after receipt of the transcript of said

9  deposition, hearing or other proceeding by all parties.  Certain depositions, hearings or other

10  proceedings may, in their entirety, be designated "CONFIDENTIAL" prior to being taken because

11  of the anticipated testimony.  Furthermore, any document designated as "CONFIDENTIAL" shall

12  maintain that designation and the protections afforded thereto if introduced or discussed during a

13  deposition, hearing or other proceeding.

> **Commented [JR6]:** State Farm proposes this addition.
> Plaintiff opposes this addition.

14          (c)  for information produced in some form other than documentary and for any

15  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

16  container or containers in which the information or item is stored the legend "CONFIDENTIAL

17  Produced Pursuant to Protective Order" or Confidential Trade Secret Produced Pursuant to

18  Protective Order" and/or alter the file name of the native ESI to include "CONFIDENTIAL" and

19  shall inform all recipients in writing of the designation at the time that the ESI is produced. If only a

20  portion or portions of the information or item warrant protection, the Producing Party, to the extent

21  practicable, shall identify the protected portion(s).

22          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent or

23  unintentional failure to designate qualified information or items does not, standing alone, waive the

24  Designating Party's right to secure protection under this Order for such material. Upon timely

25  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

26  material is treated in accordance with the provisions of this Order.

27  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

28

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the

> **Commented [JR7]:** State Farm proposes this addition. Plaintiff opposes this addition.

1   Challenging Party may file a motion challenging a confidentiality designation at any time if there is

2   good cause for doing so, including a challenge to the designation of a deposition transcript or any

3   portions thereof. Any motion brought pursuant to this provision must be accompanied by a

4   competent declaration affirming that the movant has complied with the meet and confer

5   requirements imposed by the preceding paragraph.

6        The burden of persuasion in any such challenge proceeding shall be on the Designating

7   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

8   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

9   Unless the Designating Party has waived the confidentiality designation by failing to file a motion

10   to retain confidentiality as described above, all parties shall continue to afford the material in

11   question the level of protection to which it is entitled under the Producing Party's designation until

12   the court rules on the challenge.

13   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

14       7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

15   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

16   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

17   the categories of persons and under the conditions described in this Order. When the litigation has

18   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

19   DISPOSITION).

20        Protected Material must be stored and maintained by a Receiving Party at a location and in a

21   secure manner that ensures that access is limited to the persons authorized under this Order.

22        Use of Confidential Information and/or Trade Secret Information subject to this Protective

23   Order includes reviewing, analyzing, relying on, or making reference to the existence or contents of

24   documents produced subject to this Protective Order, including the titles of documents produced

25   pursuant to this Protective Order, or Bates ranges of documents produced pursuant to this Protective

26   Order.  Use also includes the scanning, storing and searching of Confidential Information and/or

27   Trade Secret Information.  Any and all such uses of Confidential Information and/or Trade Secret

28   Information subject to this Protective Order shall be limited to this litigation only.

> **Commented [JR8]:** State Farm proposes this addition. Plaintiff opposes this addition.

7.2    Use by State Farm.  Nothing in this Protective Order disallows State Farm from:

(a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law;

(b) adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system;

(c) disclosing evidence of a crime or fraud; retaining information necessary to meet mandated retention requirements; or,

(d) retaining copies of Protected Information that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course Provided that should a copy of the Confidential Information be accessed it will not be used for a purpose inconsistent with this Order.

> **Commented [JR9]:** State Farm proposes this addition. Plaintiff opposes this addition.

7.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following persons listed in subparagraphs a-k below.  The only authorized persons are:

> **Commented [JR10]:** State Farm proposes this addition. Plaintiff opposes this addition.

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Consultants/Experts (as defined in this Order, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors,

1   and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

2   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3        (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

4   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

5   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

6   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

7   bound by the court reporter and may not be disclosed to anyone except as permitted under this

8   Protective Order.

9        (g)  the author or recipient of a document containing the information or a custodian

10  or other person who otherwise lawfully possessed or knew the information.

> **Commented [JR11]:** State Farm proposes this addition. Plaintiff opposes this addition.

11       (h) law enforcement officers, and/or other government agencies, as permitted or

12  required by applicable state and federal law.

13       (i) a jury involved in litigation concerning the claims and any defenses to any claims

14  in this lawsuit.

15       (j) anyone as otherwise required by law.

16       (k) as authorized by the Parties' specifically.

17       7.4  The Parties Agree and Understand that the Designating Party is entitled to know

18  with whom information or items designated as "CONFIDENTIAL" have been shared.  As such,

19  within 7 days after any individual sigs "Exhibit A" to this Protective Order, and at least 7 days

20  before any Confidential Information is disclosed to that individual, notice of the planned disclosure

21  and a copy of that Exhibit shall be provided to the Designating Party.

> **Commented [JR12]:** State Farm proposes this addition. Plaintiff opposes this addition.

22

23  8.   UNDERLINE PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

24       If a Party is served with a subpoena or a court order issued in other litigation that compels

25  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

26  must:

27       (a)  promptly notify in writing the Designating Party. Such notification shall include

28  a copy of the subpoena or court order;

1          (b)  promptly notify in writing the party who caused the subpoena or order to issue in

2   the other litigation that some or all of the material covered by the subpoena or order is subject to

3   this Protective Order. Such notification shall include a copy of this Protective Order; and

4          (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

5   Designating Party whose Protected Material may be affected.

6          If the Designating Party timely seeks a protective order, the Party served with the subpoena

7   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

8   before a determination by the court from which the subpoena or order issued, unless the Party has

9   obtained the Designating Party's permission. The Designating Party shall bear the burden and

10  expense of seeking protection in that court of its confidential material – and nothing in these

11  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

12  disobey a lawful directive from another court.

13  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

14

15         (a)  The terms of this Order are applicable to information produced by a Non-Party in this

16  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

17  connection with this litigation is protected by the remedies and relief provided by this Order.

18  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

19  protections.

20         (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

21  Party's confidential information in its possession, and the Party is subject to an agreement with the

22  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23         (1) promptly notify in writing the Requesting Party and the Non-Party that some or

24  all of the information requested is subject to a confidentiality agreement with a Non-Party;

25         (2) promptly provide the Non-Party with a copy of the Protective Order in this

26  litigation, the relevant discovery request(s), and a reasonably specific description of the information

27  requested; and

28         (3) make the information requested available for inspection by the Non-Party.

1    (c) If the Non-Party fails to object or seek a protective order from this court within 14 days

2  of receiving the notice and accompanying information, the Receiving Party may produce the Non-

3  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

4  protective order, the Receiving Party shall not produce any information in its possession or control

5  that is subject to the confidentiality agreement with the Non-Party before a determination by the

6  court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

7  seeking protection in this court of its Protected Material.

8  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Protective Order, the

11  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

12  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

13  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

14  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

15  Be Bound" that is attached hereto as Exhibit A.

16  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

17
       When a Producing Party gives notice to Receiving Parties that certain inadvertently
18
   produced material is subject to a claim of privilege or other protection, the obligations of the
19
   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
20
   is not intended to modify whatever procedure may be established in an e-discovery order that
21
   provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)
22
   and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or
23
   information covered by the attorney-client privilege or work product protection, the parties may
24
   incorporate their agreement in a stipulated protective order submitted to the court.
25
   12.    MISCELLANEOUS
26
       12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to
27
   seek its modification by the court in the future.
28

12.2  <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

1  and expert work product, even if such materials contain Protected Material. Any such archival

2  copies that contain or constitute Protected Material remain subject to this Protective Order as set

3  forth in Section 4 (DURATION).

4      In the event a dispute arises regarding the disclosure, return, or destruction of Protected

5  Material, this Court shall have jurisdiction over such dispute, even after final disposition of this

6  litigation as set forth in Section 4 (DURATION).

> **Commented [JR13]:** State Farm proposes this addition. Plaintiff opposes this addition.

7  Dated:  October 10, 2025          BMCA LAW GROUP, A P.C.

8

9          By_____
                    BRUCE M. COHEN
10                  JULIA MACHAI COHEN
                    Attorneys for Plaintiff
11                  DEBRA COHEN TUDOR

12  Dated:  October 10, 2025          HAYES SCOTT BONINO
13                                    ELLINGSON & GUSLANI LLP

14          By____/S/ Stephen P. Ellingson_____
15                  STEPHEN M. HAYES
                    STEPHEN P. ELLINGSON
16                  JAMIE A. RADACK
                    Attorneys for Defendant
17                  STATE FARM GENERAL INSURANCE
                    COMPANY
18

19          IT IS SO ORDERED.

20  DATED: _____, 2025
                                    _____
21                                  HONORABLE RITA F. LIN
                                    United States District Judge

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

     I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case of _____ [insert formal name of the case and the

number and initials assigned to it by the court]. I agree to comply with and to be bound by all the

terms of this Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even

if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2145596

- 14 -

**[PROPOSED] PROTECTIVE ORDER - CASE NO. 5:22-cv-01113-RFL**