SANDRA E. STONE (SBN 161267)
sstone@plawp.com
PACIFIC LAW PARTNERS, LLP
2000 Powell St., Suite 950
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA COHEN TUDOR,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 3:22-cv-01113-RFL<br><br>**STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR CLARIFICATION [DKT 157]** |

State Farm General Insurance Company ("State Farm") hereby submits its response to Plaintiff's Administrative Motion for Clarification Regarding Discovery Management Order No. 2. [Dkt. 157]

**A. BACKGROUND**

At the September 9, 2026 Discovery Management Conference, this Court heard oral argument about whether compilations of titles of State Farm's confidential and proprietary training materials should be treated as confidential. This same issue was raised in State Farm's Motion to Preserve Confidentiality regarding its Discovery Responses [Dkt 119[1]] and State Farm's Motion to Preserve Confidentiality of Exhibits B & G [Dkt 131].[2] Both these motions raised the exact same point—that compilations of titles of confidential documents present a unique risk of competitive harm to State Farm. Moreover, both motions were supported by a declaration from State Farm Learning Team Manager Tanya Potts. Her declaration specifically addressed the items in each of the motions and the harm release of that confidential information posed to State Farm. [Dkt. 119-9; Dkt. 126 @ pg. 6; & Dkt. 131-5]

After hearing from the parties, the Court found sufficient evidence had been provided to support State Farm's request to maintain the confidentiality designation for Exhibits B and G and granted State Farm's motion. [Dkt. 143 @ pg. 5:19-21]. Following that hearing, the Court's Discovery Management Order held that its ruling on September 9, 2026 resolved "Dkts. 126, 127, 128, 131, 134, 135….". [Dkt. 143 @ pg. 8:17].

Plaintiff now asks the court for "clarification" about the scope of that ruling. [Dkt. 157]

/ / /

---

[1]The Court denied State Farm's motion [Dkt.119] without prejudice and ordered the parties to meet and confer followed by a Joint Discovery Letter. [Dkt 121]. After efforts to resolve the dispute failed, the parties each presented their position. [State Farm's at Dkt 126; Plaintiff's at Dkt 127 & 128].

[2] The same issue was raised in Plaintiff's Administrative Motion to file under seal. [Dkt. 135]

**B. STATE FARM'S POSITION**

It is State Farm's position that, as the Court itself held in its Discovery Management Order, its September 9, 2026 ruling applies equally to the other lists of State Farm's training materials presented in this case. That includes the lists marked as confidential in State Farm's discovery responses [Dkt 119, 126, 127 & 128] and the lists referenced by Plaintiff in her Administrative Motion [Dkt. 135]. For this reason, State Farm believes that Plaintiff's request for clarification is unnecessary and should be denied.

There is no substantive difference between the facts and arguments raised for any of the compilations of State Farm's confidential materials, nor has Plaintiff presented any. The Court has already received full briefing on this issue (at least twice) and allowed oral argument on this matter. There is no suggestion in Plaintiff's Administrative Motion that there is any reason that the Court's September 10, 2026 Order should not apply to the other situations presented to the Court which is undoubtedly why the Court ruled that those other disputes had been resolved.

If there is any need for clarification, State Farm believes the Court should simply confirm that its Discovery Management Order meant what it said and that the disputes raised in Dkts. 126-128 and 135 are now resolved consistent with the Court's September 9, 2026 ruling on Dkt. 131.

**C. CONCLUSION**

As stated above, State Farm does not believe there is any need for clarification, but has no objection to the Court's confirmation that its Discovery Management Order applies to Dkt. 126-128.

Dated: October 8, 2026 PACIFIC LAW PARTNERS, LLP

By *<u>/s/ Sandra E. Stone</u>*
SANDRA E. STONE
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY