UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA COHEN TUDOR,<br>Plaintiff,<br>v.<br>STATE FARM GENERAL INSURANCE COMPANY,<br>Defendant. | Case No. 22-cv-01113-RFL (PHK)<br>**DISCOVERY MANAGEMENT ORDER NO. 3**<br>Re: Dkts. 151, 154, 155, 156, 157, 159 |

All discovery matters in this case have been referred to the undersigned. [Dkt. 57]. Pending before the Court are several administrative motions to seal and discovery letter briefs regarding the implementation of an ESI Protocol and the selection of a timeframe for water-loss discovery. [Dkts. 151, 154, 155, 156]. Plaintiff has additionally filed an administrative motion for clarification of the undersigned's Discovery Management Conference Order No. 2 ("DMO No. 2") and a motion for leave to file reply in support of her motion for clarification. [Dkt. 157, 159]. The Court finds these matters suitable for disposition without oral argument.

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

United States District Court
Northern District of California

of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

After considering the submissions of the Parties, and pursuant to the Court's authority to

United States District Court
Northern District of California

manage discovery, the Court resolves the Parties' disputes on the following issues:

**ESI Protocol [Dkt. 151, 152]**

The Parties were previously ordered to jointly finalize their proposed ESI Protocol so that production of any ESI sought could be completed. *See* Dkt. 143. In the event the Parties could not jointly finalize a protocol, as has now happened, the Parties were ordered to submit a Joint Redline of the Joint Proposed ESI Protocol (compiled jointly in a single document showing the Parties respective competing proposed language next to each other at each disputed location and comparing the proposed ESI Protocol against the Court's Model ESI Protocol). The Parties were instructed that the Court will construe proposed edits without competing language as unopposed.

The Court has broad authority and discretion to assist the Parties in resolving ESI disputes. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002); *see Crosby v. Amazon.com, Inc.*, No. 21-1083-JCC, 2022 WL 522953, at *1 (W.D. Wash. Feb. 22, 2022) ("Because the parties are unable to come to an agreement regarding all terms contained within an ESI discovery agreement, the Court will, in its discretion, assist the parties in doing so."); *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2019 WL 5622453, at *7 (M.D. Pa. Oct. 31, 2019) ("As part of our oversight responsibilities in discovery we have the discretion to modify ESI search term parameters."). An ESI protocol must "be specific or it doesn't mean anything." *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST (TSH), 2019 WL 4256383, at *2 (N.D. Cal. Sept. 9, 2019)

The Court has reviewed the disputes between the Parties and their competing language proposed in the Joint Redline. The Court previously cautioned the Parties against excessive or unnecessary deviations from the Model ESI Protocol. In light of the Court's previous directive, the Court presumes the language in the Model ESI Protocol is appropriate and therefore adopts modifications to the Model only when there has been a showing of good cause. Accordingly, the ESI Protocol adopted (to be posted in a separate order following Plaintiff's re-selection of the Water years) will reflect the Court's decisions on the discrete disputes over the Protocol raised by the Parties which should be self-explanatory.

///

///

**Year Implementation Issues [Dkts. 153, 154, 155, 156]**

Another dispute centers on the selection of a timeframe for and the production of water-loss discovery. *See* Dkts. 153, 154 155, 156. The Parties submitted an additional Joint Discovery Letter [Dkt. 155] concerning the remaining disputes over the "Year Implementation Framework" for State Farm's Water Initiative and related water-loss discovery.

As an initial matter, Plaintiff makes a showing of good cause and asks the Court "to release Plaintiff from 2016 and 2023 as Water years and permit her to select her Water years independently of her training years." [Dkt, 153 at 2]. Plaintiff attests that State Farm has no objection to Plaintiff being released from those two years. *See* Dkt. 153-1 at ¶¶ 3-4 ("Cohen Decl."). Accordingly, the Court **GRANTS** Plaintiff's request to select her water years independently of her training years. **Plaintiff is ORDERED to submit notice of her selection within three business days of issuance of this Order.**

Relatedly, Plaintiff filed an administrative motion to consider whether her Showing of Good Cause [Dkt. 153] should remain under seal. *See* Dkt. 154. "The limited material at issue consists of portions of the Showing and supporting declaration that quote, summarize, or identify information drawn from State Farm material reproduced in Exhibit C, together with pages 3-11 of Exhibit C itself." [Dkt. 154 at 1]. Plaintiff does not concede that the material is confidential or sealable but invokes Civil Local Rule 79-5(f) "out of caution and to preserve State Farm's opportunity" to make a showing that the material should remain sealed. [Dkt. 154 at 1-2]. State Farm did not file a response or otherwise indicate its opposition. Accordingly, Plaintiff's administrative motion to consider whether another party's material should be sealed [Dkt. 154] is **GRANTED.**

Plaintiff's first request that the responsive Category 2 Water ESI must remain within the discovery universe is **DENIED AS MOOT** as State Farm attests that there is no dispute here. *See* Dkt. 155 at 5. Plaintiff is correct, however, that nothing in the Federal Rules requires a standalone request for emails; a blanket objection to documents is not sufficient to show a lack of proportionality or burden. In the realm of ESI, any objection to the definition of the word "document" is **OVERRULED**.



United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff's further request that the three selected years operate as historical snapshots based on responsive material existing during the selected years is **DENIED**. Mere existence in a year is not proportional and effectively subverts the entire rationale for selecting three years. Further, the request contradicts the purported need for the documents in the selected time periods to demonstrate whether State Farm altered its procedures for water claims by taking a snapshot in a year prior to the alleged change, in the year of the event, and in a year after the alleged change in policy and after the alleged event. However, the Court will expand Plaintiff's request beyond "creation date." Accordingly, State Farm is **ORDERED** to search for and produce documents for which the metadata has a date that indicates a document was either created, authored, or modified, edited, or altered in one of the three selected years (such as but not limited to metadata fields such as "ModDate" or "Last Modified Date" or "CreationDate" or "AuthoredDate"). Plaintiff's alternative request that the isolated-year framework be replaced by a continuous period from January 1, 2016 through the present [Dkt. 155 at 2] is duly **DENIED.**

Relatedly, Plaintiff filed an administrative motion to seal [Dkt. 156] concerning "a single short phrase on page 3 of the Joint Discovery Letter summarizing information drawn from State Farm material bearing confidentiality and/or internal use legends." [Dkt. 156 at 1]. State Farm did not file a response or otherwise indicate its opposition. Accordingly, Plaintiff's administrative motion to file the joint discovery letter brief under seal [Dkt. 154] is also **GRANTED.**

**Clarification of DMO No. 2 [Dkts. 157, 158, 159]**

Finally, "Plaintiff respectfully requests that the Court clarify whether DMO No. 2 adjudicated the confidentiality dispute presented in Dkts. 126-127 or otherwise disposed of the related sealing motion at Dkt. 128 and, if so, clarify the nature and effect of that adjudication or disposition. To the extent the dispute has not previously been adjudicated, Plaintiff respectfully requests that the Court adjudicate it on the existing submissions and dispose of Dkt. 128 consistently with that ruling." [Dkt. 157]. State Farm's position is that the Court's September 9 ruling "applies equally to the other lists of State Farm's training materials presented in this case" and therefore "Plaintiff's request for clarification is unnecessary." [Dkt. 158 at 3].

Nevertheless, Plaintiff's administrative motion for clarification [Dkt. 157] is **GRANTED** in

United States District Court
Northern District of California

that the Court will reiterate its earlier ruling here**.** Compilations of titles are confidential, but that ruling does not apply to the titles of each underlying document (separate and apart from their inclusion in these compilations). *See* Dkt. 143 at 5. As the Court previously stated, "If the Parties have a dispute in future regarding whether a specific title of a specific document is confidential, Defendant bears the burden of establishing how and why that title itself constitutes confidential information." Dkt. 143 at 5-6. Plaintiff's motion for leave to file reply in support of its motion for clarification [Dkt. 159] is thus **DENIED AS MOOT.**

**CONCLUSION**

To the extent the Joint Letter Briefs [Dkts. 151, 155] or the Administrative Motions to Seal [Dkts. 154, 156] raise issues that are outside the scope of the ESI Protocol language or the Year Implementation Framework, they are not properly before the Court and are not part of the presented disputes. The undersigned makes no express rulings on any such issues other than to Order the Parties to continue to make conscientious efforts to attempt to resolve or at least narrow any other disputes that may remain.

The next DMC is **SET** for **Friday, October 23, 2026 at 2:00 PM**, in-person in Courtroom F. The Parties **SHALL** file their next Joint Discovery Management Conference Report on **October 16, 2026**.

This Order **RESOLVES** Dkt. 151, 154, 155, 156, 157, 159.

**IT IS SO ORDERED.**

Dated: October 15, 2026

PETER H. KANG
United States Magistrate Judge