UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA COHEN TUDOR,

Plaintiff,

vs.

STATE FARM GENERAL INSURANCE COMPANY,

Defendant.

Case Number: 3:22-cv-01113-RFL (PHK)

**ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

Whenever a party is required to produce ESI, that producing party will identify a liaison to the other party who is and will be knowledgeable about and responsible for discussing the producing party's ESI. Each such e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature,

accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on each such liaison, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received in calendar year 2017 or between January 1, 2020 to February 1, 2027 (the close of fact discovery) will be preserved;

b) The parties have exchanged/will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) Among the sources of data that are not reasonably accessible, the parties need not preserve the following:

i) ESI stored in a backup system, tape, or other media for the purpose of system recovery or information recovery, including but not limited to: disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadow copies.

ii) Voicemail recordings. However, if Plaintiff demands search and production of voicemail recordings, Plaintiff shall reimburse Defendant reasonable costs of storage and search and production of an such voicemail audio files.

iii) Legacy data or any data remaining from systems no longer in use that is unintelligible to and inaccessible by the systems currently in use.

iv) Deleted, erased, or overwritten ESI, whether fragmented or whole, which were deleted in the regular course of business.

v) ESI stored in volatile and non-volatile memory, including Random Access Memory ("RAM"), Read-only Memory ("ROM"), cache memory, or in temporary or cache files, including internet history, web browser cache, and cookie files, wherever located.

vi) Temporary internet files, history, cache, cookies, and the like.

vii) Encrypted ESI/password-protected files, where the key or password cannot be ascertained absent extraordinary efforts, substantiated by a declaration under oath from an IT professional knowledgeable about the issue.

viii) ESI affected by ransomware or malware or that otherwise has been corrupted.

ix) ESI stored on photocopiers, printers, scanners, and fax machines.

x) ESI stored as server logs, system logs, or network logs.

**5. SEARCH**

Each Party will conduct a reasonable inquiry of reasonably accessible sources it has reason to believe contain relevant, unique documents or ESI responsive to the opposing Party's discovery requests. Each Party may use one or more search methodologies to collect, review, and produce relevant, responsive, non-privileged documents and ESI and undertake reasonable efforts to locate discoverable information. There are many valid ways to search for and retrieve ESI, and absent a showing of specific need and good cause, the Producing Party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own ESI. Each Producing Party shall design and implement the methods it uses to identify, cull, and review its potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issues involved in the Lawsuit, and the Requesting Party's discovery requests. A Producing Party may apply search terms to appropriate sources, such as email, and may also conduct a targeted collection of sources likely to contain responsive materials (e.g., file folders on a given hard drive).

**6. PRODUCTION FORMATS**

The parties agree to produce documents in PDF and native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties

will phase the production of ESI and the initial production will be from Plaintiff's focused RFPs specified August 17, 2026. State Farm will prioritize production from sources and custodians corresponding to the subset of RFPs consisting of RFP Set 1, Nos. 1 and 11, and RFP Set 2, No. 10. Following the initial production, subsequent production shall occur on an iterative basis until completion.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The provisions of Fed. R. Evid. 502(b) do not apply.

Attorney-client communications or work product that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS ORDERED.**

Dated: October 20, 2026

PETER H. KANG
United States Magistrate Judge